[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action to recover damages sustained by plaintiff, Lisa Berger, a passenger in a one car accident occurring on June 6, 1994 in Norwich, was tried before this court on November 5 and 6, 1997. The motor vehicle was owned by Diane Welz, an employee of the State of Connecticut and operated during the course of employment and the accident occurred when Welz backed into a utility pole while trying to turn around in a narrow street. The action has been withdrawn as to Welz personally and the remaining defendants are the State of Connecticut and Peter O'Meara, Commissioner of the Department of Mental Retardation.
The legal responsibility of the state and the occurrence of the accident are not disputed issues. Defendant disputes the extent of plaintiff's injuries and claims that the contact by the Welz car with the utility pole was so minimal that any injuries claimed by plaintiff were not proximately caused by the accident. There was considerable discrepancy between the testimony of the plaintiff and Welz as to the speed of the vehicle when backing up, the severity of the contact with the pole and the extent of the impact on the plaintiff. Although Welz recalled no signs of injury to the plaintiff, there was evidence that plaintiff went to a hospital for examination on the day of the accident and commenced treatment with Philip DiGregorio, a chiropractor four days after the accident and gave histories connecting her complaints to the accident and detailing how the impact affected her. Dr. DiGregorio's report clearly attributes the injuries of the plaintiff to the accident and assigns a "whole person" permanent injury of 4% based on soft tissue injuries to her CT Page 11337 thoracic and cervical spines. Other than the testimony of Welz that plaintiff did not appear to be hurt and made no complaint of injury, there was no contradicting evidence.
It is found that the accident was caused by the negligence of Diane Welz, and that the plaintiff sustained injuries as a result of the accident on June 6, 1994, and although the impact between the automobile and the pole was very slight, that plaintiff incurred the following medical bills reasonably connected to the accident:
 Douglas-Kimball Hospital $ 525.53 Dr. DiGregorio, P.C. 1,535.00 Putnam Radiology 76.00 --------- Total $2,136.53
In connection with her claim of permanent injuries the life expectancy of plaintiff was stipulated to be fifty-five years.
It is found that as a result of this accident plaintiff sustained economic damages of $2,136.53 and non economic damages of $5,000 or total damages of $7,136.53.
Jerry Wagner Judge Trial Referee